IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER R. KOLBE and PATRICIA E. KOLBE,<br><br>          Plaintiffs,<br>  v.<br><br>JP MORGAN CHASE BANK N.A., et al.,<br><br>          Defendants. | No. C 11-01532 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND DISMISSING PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND** |

Defendants' motion for a more definite statement is scheduled for a hearing on October 14, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. As set forth below, the Court DENIES defendants' motion for a more definite statement, and DISMISSES plaintiffs' complaint for failure to state a claim, with leave to amend. **Any amended complaint must be filed by November 2, 2011.**

**BACKGROUND**

Pro Se plaintiffs Walter and Patricia Kolbe filed a First Amended Complaint ("FAC") against defendants JPMorgan Chase Bank, Chase Home Finance LLC, and California Reconveyance Company on July 29, 2011. Plaintiffs assert several causes of action in relation to two home mortgages, which they originally secured through Washington Mutual Bank ("WaMu").

In October 2006, plaintiffs executed agreements with WaMu for two mortgages, totaling $688,400, on their home in Pacifica, California. FAC at 9:20-23. Plaintiffs understood that the first mortgage (for $591,000) was an adjustable-rate mortgage that would be adjusted annually. *Id.* at 9:25-10:2. As per their agreement, plaintiffs were to receive notification of the new rate in October, and the

1 new rate would become effective in December. *Id.* In 2006, plaintiffs' mortgage payments were
2 $1,720.51 per month. *Id.* at 10:4. Over the course of the next two years, rates were adjusted annually
3 according to schedule.

4 On October 20, 2008, plaintiffs were notified by mail that, effective December 1, 2008, the new
5 rate would be $1,988.25 per month. *Id.* at 10:3-8.[1] This letter also stated that plaintiffs' next scheduled
6 "payment review date" would be in October 2009, and payment of that new rate was due in December
7 2009. *Id.* at 10:7-10, Ex. 1. However, on December 12, 2008, plaintiffs received a letter from
8 defendants, notifying them that the rate had been adjusted again, and effective February 1, 2009, their
9 monthly mortgage payment would be substantially increased to $4,224.51. *Id.* at 10:11-15, Ex. 2.

10 Plaintiffs tried to contact defendants several times to dispute the adjustment, but allege they did
11 not receive satisfactory replies. *Id.* Plaintiffs continued to make mortgage payments to defendants in
12 the amount of $1,988.25. After several months, plaintiffs started receiving calls from defendants'
13 collection agents in an attempt to collect the remainder of owed mortgage payments. *Id.* at 11:11-18.
14 On April 7, 2009 plaintiffs received a "Notice of Collection Activity," stating an outstanding balance
15 of $6,672.00. *Id.* at 12:1. In September 2009, defendants sent plaintiffs an "Acceleration Warning
16 (Notice of Intent to Foreclose)" due to payments owed on the second mortgage, which plaintiffs cured
17 through payment. *Id.* at 14:3-4. Soon thereafter, Mr. Kolbe learned that defendants had reported the
18 deficient payments to credit agencies, and on December 24, 2009, plaintiffs received a "Notice of
19 Trustee Sale." *Id.* at 14:25. Plaintiffs claim the damage done to their credit score by defendants'
20 activities significantly impaired potential business opportunities.

21 Plaintiffs' claims against defendants consist of (1) violations of the RICO Act, 18 USC §§ 1961
22 *et. seq.* ("RICO"); (2) fraud; (3) breach of contract; (4) 12 USC §§ 2601 *et. seq.* RESPA violations; (5)
23 interference with prospective business advantage; and (6) breach of fiduciary duty. Plaintiffs request
24 damages, injunctive relief, attorneys' fees, and other related costs.

---

26 [1]On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") was granted
receivership of WaMu and sold certain WaMu assets and liabilities to JPMorgan Chase pursuant to the
27 terms of a Purchase and Assumption Agreement ("P&A Agreement"). Plaintiffs attached to their
complaint several communications they received after the September 25, 2008 receivership. Some of
28 them identify "WaMu" as the sender on the letterhead, while others identify the sender as "Chase"; one
reads "WaMu is becoming Chase." FAC at Exs. 1, 2, 4-7, 9, 10.

2

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading this is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (*citing Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

A Rule 12(e) motion should be granted when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). If the complaint notifies the defendant of the substance of the plaintiff's claim, a 12(e) motion should not be granted. *San Bernardino Pub. Employees Ass'n v. Stout,* 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."). A 12(e) motion should also be denied if the detail sought is obtainable through discovery. *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

**DISCUSSION**

Defendants contend that plaintiffs' complaint is "vague and unintelligible." Defs. Motion for More Definite Statement ("Defs. Mot. Def. Stmt.") at 3:6. The Court disagrees. Plaintiffs have provided specific facts and discernible allegations, to which defendants could frame a response. *Famolare, Inc.*, 525 F. Supp. at 949. Therefore, a more definite statement is unnecessary. It is clear that plaintiffs are alleging that as the receiver of WaMu, JPMorgan Chase is the liable party in suits regarding borrowers' claims. FAC at 3:11. Plaintiffs also argue that because defendants do not physically possess the original promissory notes, they do not have standing to order a notice of sale or

3

foreclose on the property. FAC at 7:25-28. These allegations put defendants on notice of plaintiffs' claims. *See San Bernardino Pub. Employees Ass'n*, 946 F. Supp. at 804.

However, while the complaint may be sufficiently clear, plaintiffs have failed to state a valid claim against defendants. Defendants correctly assert that the FDIC has devised a specific procedure for borrower claims asserting liability regarding loans secured through WaMu before September 25, 2008. On that date, the FDIC was appointed receiver of WaMu and sold certain WaMu liabilities and assets to JPMorgan Chase pursuant to the terms of a P&A Agreement. *Federici v. Monroy*, 2010 WL 1345276 at *1 (N.D. Cal. 2010). The P&A Agreement "allocated WaMu's assets and liabilities between the FDIC and JPMorgan" and released JPMorgan of "any liability related to WaMu's lending activities." *Id.* at *1-2. Section 2.5 of the P&A Agreement, entitled "Borrower Claims," states:

> Notwithstanding anything to the contrary in this Agreement, *any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower*, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise *arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank*.

P&A Agreement, §2.5. (emphasis added). The FDIC assumed liability for claims regarding loans secured before the P&A Agreement; therefore JPMorgan Chase is not an appropriate party against which plaintiffs may assert their borrower's claims. *See also Moncrief v. Washington Mutual*, 2010 WL 2605797 at *3 (S.D. Cal. 2010).

Defendants are also correct that initiation of lawful foreclosure in California does not necessarily require possession of the original promissory notes. Defs. Mot. Def. Stmt. at 1-2. California Civil Code § 2924 includes several requirements for non-judicial foreclosure, but "[n]othing in [§ 2924] requires the entity initiating foreclosure to have physical possession of the note. [C]ourts have uniformly found that 'physical possession of the original promissory note is not a prerequisite to initiating foreclosure proceedings.'" *Javaheri v. JPMorgan Chase Bank*, 2011 WL 1131518 at *2 (C.D. Cal. 2011) (quoting *Nguyen v. LaSalle Bank Nat'l Ass'n*, 2009 WL 3297269 at *3 (C.D. Cal. 2009)). Plaintiffs' claims

4

otherwise are invalid.

For these reasons, plaintiffs have failed to state claims against JP Morgan Chase Bank N.A. and Chase Home Finance LLC. Plaintiffs have not alleged anything actionable against California Reconveyance Company.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for a more definite statement but DISMISSES plaintiffs' first amended complaint because it does not state a claim on which relief may be granted against any of these defendants. If plaintiffs do file an amended complaint, they must set forth a cognizable claim against an appropriate party. **Any amended complaint must be filed by November 2, 2011.**

**IT IS SO ORDERED.**

Dated: October 13, 2011

SUSAN ILLSTON
United States District Judge